Affirmed and Memorandum Opinion filed June 15, 2010



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-08-00674-CR



 

Chester Hicks, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 178th
District Court

Harris County, Texas

Trial Court Cause No. 1171841



 

MEMORANDUM  OPINION

 

Appellant, Chester Hicks, was convicted of making
false statements to obtain credit and sentenced to 45 years’ confinement in the
Institutional Division of the Texas Department of Criminal Justice.  In two
issues, appellant contends the evidence is legally and factually insufficient
to support the verdict.  Because all dispositive issues are settled in law, we
issue this memorandum opinion and affirm.  See Tex. R. App. P. 47.4.

Background

On August 10, 2005, appellant entered into an
agreement using another person’s social security number to purchase an
automobile without making a down payment.  On August 22, 2005, appellant
entered into another agreement using the same person’s social security number
to purchase a similar vehicle without making a down payment.  The person whose
social security number appellant used was also named Chester Hicks.  Mr. Hicks
lives in Maryland and had no knowledge that his social security number was
being used in Texas to purchase automobiles.  When Mr. Hicks received notices that
payments on the vehicles were overdue he notified the authorities.  

Appellant was arrested and charged with making a
material false and misleading statement that his social security number was
that of Chester Hicks on credit applications on or about August 10, 2005 and
continuing through August 22, 2005 pursuant to one scheme and continuing course
of conduct.  Appellant was convicted of making false statements to obtain
credit pursuant to one scheme and continuing course of conduct.

Legal and
Factual Sufficiency

In two issues, appellant challenges the legal and
factual sufficiency of the evidence to support the jury’s finding that he acted
pursuant to one scheme or continuing course of conduct.  Appellant does not
challenge the findings that he used another person’s social security number to
obtain credit, but argues that he committed two similar offenses, twelve days
apart, not one offense pursuant to a continuing course of conduct.  

In considering a legal-sufficiency challenge, we
review all evidence in the light most favorable to the verdict to determine
whether any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  Salinas v. State, 163 S.W.3d
734, 737 (Tex. Crim. App. 2005).  The jury is the sole judge of the credibility
of witnesses and is free to believe or disbelieve all or part of a witness’s
testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). 
We ensure only that the jury reached a rational decision and do not reevaluate
the weight and credibility of the evidence.  Muniz v. State, 851 S.W.2d
238, 246 (Tex. Crim. App. 1993).

In examining a factual-sufficiency challenge, we
review all evidence in a neutral light and set aside the verdict only if (1)
the evidence is so weak that the verdict seems clearly wrong or manifestly
unjust or (2) the verdict is against the great weight and preponderance of the
evidence.  See Marshall v. State, 210 S.W.3d 618, 625 (Tex. Crim. App.
2006); Watson v. State, 204 S.W.3d 404, 414–15 (Tex. Crim. App. 2006).

A person commits the offense of false statement to
obtain property or credit if he intentionally or knowingly makes a materially
false or misleading written statement to obtain property or credit. Acts 2007,
80th Leg., ch. 285, 2009 Tex. Codes Ann.(amended 2007) (current version at Tex.
Penal Code Ann. § 32.32(b) (Vernon Supp. 2009)).  When the State shows that a
defendant has obtained credit by making false statements more than once over a
period of time, the offenses may be considered one crime for punishment
purposes if the State can also show that they were committed pursuant to one
scheme or continuing course of conduct.  Tex. Penal Code Ann. § 32.03 (Vernon
2003).

In challenging the legal and factual sufficiency of
the evidence on appeal, appellant does not challenge the jury’s findings that
he used another individual’s social security number to obtain credit.  He
contends that section 32.03 of the Penal Code does not apply to him because the
evidence was legally and factually insufficient to show that the instances of
fraud were committed pursuant to one scheme or continuing course of conduct. 
Appellant argues that the evidence established two offenses of fraud that
“mirror” each other, but did not establish one scheme or continuing course of
conduct.

When interpreting a statute, we construe words and
phrases according to the rules of grammar and common usage unless they have
acquired a technical or particular meaning.  Tex. Gov’t Code Ann. § 311.011
(Vernon 2005).  In drafting section 32.03, the legislature did not attach a
technical or particular meaning to the phrase “continuing course of conduct;”
thus, we give the words their common meaning.  See Tex. Penal Code Ann.
§ 32.03; Johnson v. State, 187 S.W.3d 591, 603 (Tex. App.—Houston [14th
Dist.] 2006, pet. ref’d).  

In this case, appellant went to each of the car
dealerships and used the same social security number, which belonged to Chester
Hicks, Jr. of Maryland.  He obtained credit on the vehicles, which were almost
identical, and did so without making a down payment on the vehicles.  In each
instance, he appeared in person, presented his driver’s license, agreed to a
price for the car using 100% financing, and provided another individual’s
social security number.  We find that a rational juror could have found beyond
a reasonable doubt that the thefts were committed pursuant to a “continuing
course of conduct” as that phrase is commonly understood.  We further hold that
the evidence showing that the thefts were committed pursuant to a continuing
course of conduct is not so obviously weak as to undermine confidence in the
jury’s determination or so greatly outweighed by contrary proof as to indicate
that a manifest injustice has occurred.  Appellant’s two issues are overruled.

The judgment of the trial court is affirmed.

 

                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

 

 

Panel consists of Justices Yates, Seymore, and Brown.

Do Not Publish — Tex. R. App. P. 47.2(b).